UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Marie Moreno, ) | |
|       Plaintiff, ) | 2:12-cv-01357 JWS |
| vs. ) | ORDER AND OPINION |
| Target Corporation, ) | [Re: Motion at Docket 19] |
|       Defendant. ) | |

## I.  MOTION PRESENTED

At docket 19 defendant Target Corporation ("Target" or "defendant") moves for summary judgment. Plaintiff Marie Moreno ("Moreno" or "plaintiff") opposes the request for summary judgment at docket 24, and at docket 25 submits excerpts of depositions in support of her opposition. Target replies at docket 26. Moreno filed a notice of supplemental legal authority at docket 27. Oral argument was heard on February 15, 2013.

## II.  BACKGROUND

On May 29, 2010, Moreno was shopping at a Target store located at 9830 W. Lower Buckeye Road in Tolleson, Arizona. Shortly after entering the store, while

-1-

walking in the main aisle between the cash registers and the jewelry counter, Moreno slipped on a puddle of clear liquid and fell to the ground, sustaining injuries. She brought this negligence suit against Target for damages.

Target moves for summary judgment arguing that it cannot be held liable for an accident occurring on its premises because there is no evidence that Target employees caused the spill, had actual notice of the spill, or had constructive notice of the spill due to the length of time the liquid was on the floor. In support of its position that Target did not have actual or constructive notice of the puddle, Target attaches an excerpt from a deposition of an employee, Chris Kirchner, who was working on the day of the incident and who testified that he did not see any liquid on the floor where Moreno fell when walking in that area just five minutes before the fall.

Moreno asserts that summary judgment is not warranted because there are material issues of fact related to whether Target employees had constructive notice of the liquid on the floor. Moreno also argues that she does not have to prove Target employees had notice of the hazard because Target could be liable under the "mode of operation" rule, which looks at a business's mode of operation to see if a proprietor could reasonably anticipate that hazardous conditions would regularly arise. Under this rule, Moreno argues that there are material issues of fact related to whether Target employees failed to maintain the Buckeye Road store in a reasonably safe condition and whether they followed all store maintenance and safety policies and procedures on the date in question. She submits excerpts of depositions of Target employees and her own deposition in support of her position that there are issues of fact related to the care Target employees took surrounding liquid on the floor generally and on the day of her fall.

## III.  STANDARD OF REVIEW

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The materiality requirement ensures that "only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."[2] Ultimately, "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3] In resolving a motion for summary judgment, a court must view the evidence in the light most favorable to the non-moving party.[4] The reviewing court may not weigh evidence or assess the credibility of witnesses.[5]

The moving party has the burden of showing that there is no genuine dispute as to any material fact.[6] The moving party need not present evidence; it need only point out the lack of any genuine dispute as to material fact.[7] Once the moving party has met this burden, the non-moving party must set forth evidence of specific facts showing the existence of a genuine issue for trial.[8] All evidence presented by the non-movant must be believed for purposes of summary judgment, and all justifiable inferences must be drawn in favor of the non-movant.[9] However, the non-moving party may not rest upon

---

[1] Fed. R. Civ. P. 56(a).

[2] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

[3] *Id.*

[4] *Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000).

[5] *Dominguez-Curry v. Nevada Transp. Dept.*, 424 F.3d 1027, 1036 (9th Cir. 2005).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *Id.* at 323-25.

[8] *Anderson,* 477 U.S. at 248-49.

[9] *Id.* at 255.

1  mere allegations or denials, but must show that there is sufficient evidence supporting
2  the claimed factual dispute to require a fact-finder to resolve the parties' differing
3  versions of the truth at trial.[10]

## IV.  DISCUSSION

**A. Notice of hazardous condition**

A business owner "is not an insurer of the safety of a business invitee, but only owes a duty to exercise reasonable care to his invitees."[11]  While the question of whether a store owner has exercised the requisite care required to keep the premises in a reasonably safe condition is generally one for the jury, liability can only be imposed on a store owner for an invitee's injuries under Arizona law if the plaintiff can prove (1) that the hazardous condition in the store was the result of the owner's or it employee's acts; (2) that the owner or its employees had actual notice of the existence of the hazardous condition; or (3) that the condition existed for such a length of time that in the exercise of ordinary care the owner or its employees should have known of it and remedied the danger.[12]  "[U]nder traditional negligence jurisprudence, a storeowner's liability can not be premised simply upon a plaintiff's proof that a storeowner had notice that a dangerous condition was a possibility."[13]

In this case, Moreno has not put forth any facts to suggest that Target caused the liquid to be on the floor.  While the depositions show that there was some clear liquid on the floor where Moreno slipped, the mere presence of a substance on the floor does not raise an inference or a question of fact as to whether the substance was caused to exist

---

[10] *Id.* at 248-49.

[11] *Walker v. Montgomery Ward & Co., Inc.*, 511 P.2d 699, 702 (Ariz. Ct. App. 1973).

[12] *Id.*

[13] *Chiara v. Fry's Food Stores of Ariz., Inc.*, 733 P.2d 283, 285 (Ariz. 1987).

by an owner or its employees.[14]  Also, Moreno has not put forth any evidence to suggest that Target had actual notice of the puddle on the floor.

As for constructive notice, Moreno claims that she has put forth sufficient evidence to present a question of fact because Target's employees failed to take appropriate steps to find the liquid or keep the floor free of hazards.  The depositions that Moreno submits show that there were no employees specifically assigned to patrol the floors for hazards during business hours.  Instead, all employees were supposed to be on the lookout for hazards as they performed their other tasks.  The depositions also show that there were spill stations set up throughout the store to clean up and remedy spills and that there was a procedure employees were to follow if they found a spill. There is also evidence that the employees on duty at the time of Moreno's fall did not follow protocol after the fall occurred.  All of that evidence, however, does not provide any indication of how long the liquid was on the floor, and Moreno cannot establish that Target had constructive notice of the puddle on the floor without presenting evidence regarding the length of time that the puddle existed prior to her fall.[15]

Plaintiff suggests that there is a question of fact related to the issue of constructive notice based on evidence of Target's inadequate inspection practices or lack of attentiveness to and inspection of the floors in the main aisle of the store on the day she fell. However, that is not the law in Arizona.  Plaintiff must make at least some showing of how long the substance had been on the floor.[16]  Questions of fact related to inadequate inspection routines are not sufficient to send a slip and fall case to the jury.[17]

---

[14] *Id.*; *see also Preuss v. Sambo's of Ariz., Inc.*, 635 P.2d 1210, 1211 (Ariz. 1981) ("With respect to slip-and-fall cases, the mere occurrence of a fall on the business premises is insufficient to prove negligence on the part of the proprietor.").

[15] *Walker*, 511 P.2d at 702-03.

[16] *Id.*

[17] *Id.* at 703 (rejecting the plaintiff's argument that the defendant store's "failure to initiate a periodic inspection routine alone raises a jury question as to whether the store's

Without evidence regarding length of time the hazard existed, Moreno cannot demonstrate that more rigorous housekeeping or inspection would have led to the discovery of the liquid on the floor.

Plaintiff cites to a recent Arizona Court of Appeals case, *McMurty v. Weatherford Hotel, Inc.*,[18] in support of her argument that there are enough factual issues to go to trial. *McMurty*, however, is not on point. That case dealt with whether the open and obvious nature of a potentially hazardous window and balcony configuration in a hotel kept the window from being unreasonably dangerous for purposes of the hotel owner's liability. The case does not address a slip and fall accident or constructive notice. In fact, it was undisputed that the owner had actual notice of the window's potentially dangerous configuration and the court noted as much.[19] Plaintiff likely relies on the case because when reciting the standards for premise liability the court in *McMurty* stated that a business owner generally has the duty to discover and correct or warn of unreasonably dangerous conditions that the owner should reasonably foresee. However, nothing else in the *McMurty* case suggests that the court was retracting the requirement that a plaintiff be able to prove actual or constructive notice to impose liability on premise owner for a slip and fall. Rather, what the court appears to be describing is something akin to the mode-of-operation rule.

**B. Method of operation**

Under the mode-of-operation rule, a plaintiff who has suffered an injury in a store is not required to prove that the store had notice of the hazardous condition if the store owner could reasonably anticipate that such a hazardous condition would regularly arise from the store's mode of doing business. In other words, the owner can be liable for

---

housekeeping procedures and practices met the standard of care that an ordinarily careful and prudent store owner would have deemed adequate under the circumstances").

[18] 293 P.3d 520 (Ariz. Ct. App. 2013).

[19] *Id.*

hazards on the store premises that would be recognized as not highly unlikely.  Under the mode-of-operation rule, liability is predicated on the "likelihood that certain hazardous conditions will recur as a result of the particular method of doing business."[20]

Moreno argues that because Target keeps coolers of drinks near the cash registers and immediately next to a high-traffic area of the store, it was negligent for failing to have reasonable inspection procedures in this area of the store to ensure the safety of its customers.  She cites to *Tom v. S.S. Kresge Co., Inc.*,[21] where the Arizona Court of Appeals concluded that the mode-of-operation rule provided a basis upon which a jury in a slip and fall case could infer negligence on the part of a business owner who sold soft drinks that patrons could carry around the premises while shopping.  The court concluded that in a self-service store, where soft drinks were sold so patrons could enjoy them while shopping, it would be easily foreseeable that patrons could spill the soft drinks while carrying them through the store and there was evidence in the record to infer that the spill causing the fall was from a soft drink.

Target, however, cites to a more recent case, *Contreras v. Walgreens Drug Store No. 3837*,[22] where the Arizona Court of Appeals concluded that the mode-of-operation rule did not apply even though the evidence showed that the defendant store, Walgreens, was a self-service one where various spills occurred two times a week.  The court stated that in order to apply the mode-of-operation rule to prevent a summary judgment ruling, a plaintiff has to demonstrate that the hazardous condition was one that would regularly or normally arise.  It found that the plaintiff in the case did not have any evidence to show that spills occurred regularly in a specific area or in a manner that resulted in hazardous conditions to patrons.

---

[20] *Bloom v. Fry*, 636 P.2d 1229, 1233 (Ariz. Ct. App.1987).

[21] 633 P.2d 439, 442 (Ariz. Ct. App. 1981).

[22] 149 P.3d 761, 763-64 (Ariz. Ct. App. 2007).

*Contreras* is on point, and based on that case, Moreno has not presented sufficient evidence for the mode-of-operation rule to apply.  There is no evidence in the record to demonstrate that spills occur with such frequency in the main aisle by the jewelry counter or any other part of the store that they could be considered customary or regular occurrences that Target should have reasonably anticipated.  The possibility of another customer creating a hazardous condition in the store alone is not enough to overcome the notice requirement.  "If the mode-of-operation rule applied whenever customer interference was conceivable, the rule would engulf the remainder of negligence law.  A plaintiff could get to the jury in most cases simply by presenting proof that a store's customer could have conceivably produced the hazardous condition."[23]

## V.  CONCLUSION

Based on the preceding discussion, Target's motion at docket 19 is **GRANTED**. The clerk will please enter judgment accordingly.

DATED this 1st day of March 2013.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[23] *Chiara*, 733 P.2d at 286.